## THOMAS WELLER v. THOMAS J. PERRY.

Deeds—Mistake in Drafting—Intention of Donor.

> A father intending to divide all his lands to his children, instructed his draftsman, to make out deeds to each of his daughters. Only one of the deeds was read over to him before signing all. Afterwards it was discovered that one of the deeds was made to the husband of one of the daughters and this only shortly before her death. The property was recognized by the husband, as belonging to his wife, during her life: Held to be such a mistake as will authorize the court to cancel the deed to the husband.

APPEAL FROM HARDIN CIRCUIT COURT.

October 15, 1868.

OPINION OF THE COURT BY JUDGE WILLIAMS:

It is very clear that the appellant intended and thought he had conveyed the 147 acres of land to his daughter Catherine Perry, wife of the appellee, he instructed the draftsman to draw the deed to his daughter so they would have the land and right to control it but that through the hurry and inadvertance this deed was made to the husband.

The father being old, infirm and indisposed desired to divide his lands among his children and had it partitioned by actual

surveys for that purpose, the other deeds, made at the same time and for the same reasons, are made to the daughters and not their husbands, only one deed was read to him; when supposing all to be alike, which was really intended by the draftsman, he signed and acknowledged all; there is no proven or perceptible reason why this one should have been intentionally made to the husband.

The recognition of the husband during his wife's life that the deed was erroneously made to him instead of his wife through mistake fortifies the evidence of the draftsman that such was his instruction and intention beside the intrinsic probabilities strongly indicate the same thing.

As the wife lived only about a year after the making of the deed no fatal presumption arises from a delay to bring this suit until a short time after her death inasmuch as the donor did not know of the mistake until just before, or about the time of her decease, and even if he had sooner discovered it his ill health would explain this short delay. It is well settled as heretofore decided in various cases by this and other courts that deeds as well as other written agreements may be reformed for fraud or mistake and the mistake clearly appearing in this case the deed should be reformed.

Wherefore, the judgment dismissing the petition is reversed with directions for further proceedings consistent herewith.

*Cofer, for appellant.*

*Read, for appellee.*